UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| LEE EVANS DUNIGAN, | |
| Petitioner, | |
| v. | CAUSE NO.: 4:24-CV-33-TLS-APR |
| WARDEN, | |
| Respondent. | |

**OPINION AND ORDER**

Lee Evans Dunigan, a prisoner without a lawyer, filed an amended habeas corpus petition to challenge his conviction for child molestation under Cause No. 79D05-1810-F1-11. On June 26, 2020, following a bench trial, the Tippecanoe County, Indiana, Superior Court sentenced Dunigan as a sexually violent predator to forty-two years of incarceration.[1] Pursuant to Section 2254 Habeas Corpus Rule 4, the Court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the amended habeas petition, Dunigan asserts forty-two claims based on various instances of trial court error, appellate court error, post-conviction error, ineffective assistance of counsel, and prosecutorial misconduct. Before considering the merits of a habeas corpus petition, the Court must ensure that the petitioner has fairly presented his claims "through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* "A habeas petitioner who has

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.*

On direct appeal, the Indiana Court of Appeals found that Dunigan waived his claims by declining to comply with the State appellate rules requiring proper citations to the trial record, standard of review statements, and cogent reasoning to support each appellate argument. *Dunigan v. State*, 178 N.E.3d 845 (Ind. Ct. App. 2021). He also declined to file a petition to transfer the Indiana Supreme Court on direct appeal. On post-conviction review, in Case No. 23A-PC-1196, the Indiana Court of Appeals dismissed Dunigan's appeal because he did not comply with Ind. R. App. 10(F) requiring appellants to file motions to compel when a trial court clerk fails to file a Notice of Completion of the Clerk's Record. Further, on post-conviction review, the appellate clerk rejected the petition to transfer to the Indiana Supreme Court due to formatting errors and an unpaid appellate filing fee.

Dunigan represents that he fairly presented each of his claims on appeal in Case No. 21A-CT-2939, a civil action in which he asserted claims of prosecutorial misconduct in connection with the underlying criminal case, and Case No. 21A-CT-678, a civil action in which he asserted claims against the Tippecanoe County Public Defender's Office also in connection with the underlying criminal case. In Case No. 21A-CT-2939, the Indiana Court of Appeals declined to consider the merits of the claims of prosecutorial misconduct because Dunigan raised them in a civil action rather than on direct appeal or post-conviction review. *Dunigan v. State*, 191 N.E.3d 851, 855–56 (Ind. Ct. App. 2022). In Case No. 21A-CT-678, the Indiana Court of Appeals declined to consider claims against the public defender to the extent that a favorable ruling on the claims would undermine the validity of his conviction or sentence in accordance with *Heck v. Humphrey*, 512 U.S. 477 (1994). *Dunigan v. Tippecanoe Cnty. Pub. Def.'s Off.*, 187 N.E.3d 964

(Ind. Ct. App. 2022). Because these civil actions were not appropriate vehicles for Dunigan to challenge the validity of his conviction or sentence, the Court cannot find that Dunigan fairly presented his habeas claims to the State courts in these civil actions.[2] Because he also did not properly present his habeas claims in a petition to transfer to the Indiana Supreme Court on direct or post-conviction review, the habeas claims are procedurally defaulted.

Dunigan offers several explanations for the procedurally defaulted claims, which the Court construes as arguments to excuse procedural default based on "cause" and "prejudice." A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 84–85, 87, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Dunigan explains that the trial court clerk failed to produce transcripts for his criminal proceedings in violation of the order from the Indiana Supreme Court and that this failure prevented him from receiving a fair appeal. ECF No. 10 at 26. Review of the State court dockets indicates that the Indiana Court of Appeals did not dismiss the direct appeal due to a failure to produce the transcripts; to the contrary, the appellate court acknowledged receipt of the transcripts in the dismissal order: "Dunigan does not cite to the transcript, which consists of over

---

[2] These efforts to exhaust State court remedies were also deficient because Dunigan did not raise some of his habeas claims in any form or fashion in Case No. 21A-CT-2939 or in Case No. 21A-CT-678. For example, Dunigan alleges that he fully exhausted his claims that the Tippecanoe Superior Court erred by denying his petition for post-conviction relief and for declining to rule on his motion to appeal in forma pauperis in Case No. 21A-CT-2939. ECF No. 10 at 41–42. It is unclear how this is possible given that Case No. 21A-CT-2939 culminated in the Indiana Supreme Court's denial of transfer on February 9, 2023, and given that the Tippecanoe Superior Court did not deny the post-conviction petition in Case No. 79D05-2204-PC-7 until May 9, 2023.

3

500 pages . . . ." *Dunigan v. State*, 178 N.E.3d 845 (Ind. Ct. App. 2021). The appellate court also dismissed the appeal because Dunigan did not include standards of review and did not develop cogent arguments as required by the Indiana appellate rules. *Id.* Dunigan may not have received certain transcripts for various hearings, but it is unclear how the absence of these transcripts could have prevented Dunigan from including appropriate standards of review, developing any cogent legal arguments, or providing citations to the transcripts that he was able to obtain. As a result, it seems unlikely that Dunigan's appellate brief would have complied with the procedural rules even if he had received the omitted transcripts. It is also unclear how the absence of certain transcripts could have prevented Dunigan from filing a petition to transfer to the Indiana Supreme Court on direct appeal.

And, on post-conviction review, in Case No. 23A-PC-1196, the Indiana Court of Appeals did not order the trial court clerk to prepare the appellate record but instead dismissed the appeal pursuant to Ind. R. App. 10(F). Specifically, the appellate court found that Dunigan had not filed a motion to compel the trial court clerk to complete the clerk's record and that the time to do so had lapsed. Therefore, the trial court clerk's purported violation of an appellate order does not serve to excuse procedural default under the cause-and-prejudice exception.

Next, Dunigan explains that he received ineffective assistance of appellate counsel because, on direct appeal, appellate counsel did not correct the procedural defects in his appellate brief. "Meritorious claims of ineffective assistance can excuse a procedural default." *Richardson v. Lemke*, 745 F.3d 258, 272 (7th Cir. 2014) (citation omitted). "But those claims must themselves be preserved; in order to use the independent constitutional claims of ineffective assistance of trial and appellate counsel as cause to excuse a procedural default, a petitioner is required to raise the claims through one full round of state court review, or face procedural

4

default of those claims as well." *Id.* (cleaned up). Because Dunigan did not properly present any ineffective assistance of appellate counsel claims to the Indiana Supreme Court, they are procedurally defaulted. And, because any ineffective assistance of appellate counsel claims are procedurally defaulted, they cannot serve to excuse the procedurally defaulted nature of Dunigan's habeas claims.[3]

Additionally, Dunigan asserts that the Tippecanoe Superior Court's refusal to rule on his motion for leave to appeal in forma pauperis prevented him from petitioning the Indiana Supreme Court on post-conviction review. The State court electronic docket in Case No. 23A-PC-1196 indicates that the petition to transfer was refused for filing because Dunigan did not list the questions presented on the second page and because he did not resolve his appellate filing fee status. It further indicates that the appellate clerk provided Dunigan with three options for resolving his appellate filing fee status: (1) payment of the appellate filing fee; (2) a motion to appeal in forma pauperis with the Tippecanoe Superior Court's order on the motion to appeal in forma pauperis attached;[4] or (3) a motion to appeal in forma pauperis with a copy of the docket sheet indicating that a motion to appeal in forma pauperis remained pending with the Tippecanoe Superior Court.

Even assuming Dunigan could not afford to pay the appellate filing fee and the Tippecanoe Superior Court refused to rule on his motion to appeal in forma pauperis, it is

---

[3] As an aside, the Court wondered why appellate counsel would not have corrected the significant procedural defects in the appellate brief. Though the Court makes no findings on this issue here, the State court docket provides some insight. According to the State court docket for Case No. 20A-CR-01301, Dunigan did not request appellate counsel until after filing his appellate brief. Once appointed, appellate counsel filed motions to extend the deadline to amend the appellate brief in which appellate counsel represented that Dunigan needed to choose between amending the appellate brief to include fewer arguments than the initial appellate brief or to proceed on the initial appellate brief. At the request of Dunigan, appellate counsel withdrew from the case prior to its conclusion without amending the appellate brief or filing a reply brief.

[4] As in federal court, the Indiana courts require appellants to seek leave to appeal in forma pauperis at the trial court level before the appellate courts will consider such a request. *Compare* Fed. R. App. P. 24(a) *with* Ind. App. R. 40(A).

5

unclear why Dunigan could not have submitted a copy of the docket sheet indicating that a motion to appeal in forma pauperis remained pending with the Tippecanoe Superior Court. It is also unclear why Dunigan did not cure his defective petition to transfer by listing the questions presented on the second page before the time for filing a petition to transfer expired. Consequently, it does not appear that the Tippecanoe Superior Court's refusal to rule on a motion for leave to appeal in forma pauperis prevented Dunigan from petitioning the Indiana Supreme Court on post-conviction review. Even if it had, as detailed above, Dunigan had already procedurally defaulted his post-conviction claims at the intermediate appellate level. This argument also does not serve to excuse procedural default.

Additionally, Dunigan claims that he is actually innocent. ECF No. 10 at 3–4. A habeas petitioner can overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006). To meet this exception, the petitioner must establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995) (quoting *Carrier*, 477 U.S. at 496). Thus, "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House*, 547 U.S. at 536–37 (cleaned up). In this context, the court may consider evidence if it is reliable and was not presented at trial. *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015).

Dunigan does not identify any new evidence but describes only evidence that was presented at trial, including the 911 call, the victim's medical records, and the DNA evidence. ECF No. 10 at 3–4. He attaches portions of the trial record to support this claim, and, in his other

6

claims, he indicates that the trial court knew of this evidence when it rendered its verdict at his bench trial. ECF No. 10 at 16, 26, 33; ECF No. 10-1 at 24–30, 35–36, 82–83, 85. Because Dunigan identifies no new evidence, the assertion of actual innocence does not excuse the procedurally defaulted nature of his claims.

In sum, Dunigan's claims are procedurally defaulted, and he offers no valid basis to excuse the procedurally defaulted nature of his claims. Therefore, the habeas petition is denied.

With a fuller understanding of this case, the Court turns to Dunigan's motions to appoint counsel. ECF Nos. 3, 12. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the appointment of counsel in a habeas corpus case if, "given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have . . . a reasonable chance of winning with a lawyer at his side." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (cleaned up).

Though this case remains in the early stages, Dunigan's filings in this habeas case demonstrate his ability to read, write, and respond appropriately to court orders, to cite relevant law and evidence, and to adequately prepare petitions and motions. Moreover, while habeas cases tend to be complex, the Court does not perceive that assistance of counsel would have resulted in a different outcome in this habeas case. As detailed above, Dunigan's claims are procedurally defaulted, and there is no apparent way for him to overcome that procedural deficiency with or without assistance of counsel. Consequently, the motion for appointed counsel is denied.

Pursuant to Section 2254 Habeas Corpus Rule 11, the Court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists

would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging Dunigan to continue pursuing his claims in federal court.

For these reasons, the Court:

(1) DENIES the motions to appoint counsel [ECF No. 3], [ECF No. 12];

(2) DISMISSES the amended petition [ECF No. 1] pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are procedurally defaulted;

(3) DENIES as moot the motions to proceed in forma pauperis [ECF No. 2], [ECF No. 11];

(4) DENIES Lee Evans Dunigan a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(4) DIRECTS the Clerk of Court to close this case.

SO ORDERED on June 12, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT