UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| LEE EVANS DUNIGAN, | |
| Petitioner, | |
| v. | CAUSE NO.: 4:24-CV-33-TLS-APR |
| WARDEN, | |
| Respondent. | |

**OPINION AND ORDER**

This matter is before the Court on a motion to reconsider the order denying habeas relief [ECF No. 19], filed by Lee Evans Dunigan, a prisoner without a lawyer. Based on the timing, the Court construes it as a motion pursuant to Fed. R. Civ. P. 59(e). "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741, 744 (7th Cir. 1993).

On June 12, 2024, the Court dismissed the amended habeas petition, finding that the claims were procedurally defaulted. ECF No. 16. In the motion to reconsider, Dunigan argues that the undersigned judge should have not ruled in this case because he named the undersigned judge as a defendant in *Dunigan v. Springmann*, 2:20-CV-447 (N.D. Ind. filed Dec. 13, 2020). 28 U.S.C. § 455 governs the disqualification of federal judges. Subsection (a) seeks to prevent the appearance of bias and requires a judge to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." Subsection (b) requires disqualification under certain enumerated circumstances, but the only conceivably applicable circumstance here

is "[w]here [she] has a personal bias or prejudice concerning a party." Otherwise stated, a judge must recuse herself under § 455(b) if she is actually biased against a party.

The undersigned judge does not have actual bias against Dunigan. Her limited involvement with 2:20-CV-447 consisted of entering a recusal order, and the lawsuit was summarily dismissed more than three years ago. The undersigned judge did not consider or recall 2:20-CV-447 during the pendency of this case. And, even if she had, the undersigned judge would not have been actually biased against Dunigan given the frequency with which public officials are named in lawsuits. *See In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005) ("[E]ven if litigation against a judge is not for the purpose of disqualification, recusal is not automatic because suits against public officials are common and a judge would likely not harbor bias against someone simply because the person named him in a meritless civil suit.").

With respect to the appearance of bias, "[t]here is no rule that requires a judge to recuse [herself] from a case, civil or criminal, simply because [she] was or is involved in litigation with one of the parties." *Id.*; *see also United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue [her]."). For substantially the same reasons as above, the Court also finds that the appearance of bias does not constitute valid grounds for recusal. The undersigned judge's involvement was minimal; the case was summarily dismissed more than three years ago; and public officials are commonly named as defendants in lawsuits. As a result, the Court denies the request for recusal.[1]

---

[1] The Court also considered whether Dunigan has waived his bias-related arguments. The Seventh Circuit has held that the failure to seek recusal at the trial court level does not amount to waiver. *Fowler v. Butts*, 829 F.3d 788, 794–95 (7th Cir. 2016). Nevertheless, the Court notes that Dunigan did not argue for recusal or highlight any potential grounds until the entry of the dismissal order, despite receiving a docket sheet at the outset of this case that identified the presiding judge.

Dunigan also argues that the Court erred by finding that he did not identify any new evidence as required for an assertion of actual innocence. He states:

> You omitted that the evidence of Carrie Rowland's DNA expert analysis of my buccal swabs, that were not tested by the state, new evidence that proves that [the victim's] DNA was not found on my buccals. Carrie Rowland's analysis was not presented at trial. And were mentioned in this petition.

ECF No. 19 at 2.[2] "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536–37 (2006). In this context, the Court may consider evidence only if it is reliable and was not presented at trial. *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015).

Notably, the petition alleged that the trial court demonstrated impermissible bias because it "overlooked" and "omitted" DNA results in finding him guilty at a bench trial. ECF No. 10 at 16–17. The petition also alleges that insufficient evidence supported the guilty verdict because the trial court omitted DNA evidence from the verdict order. *Id.* at 26. It is unclear how overlooking and omitting DNA results in reaching a verdict could amount to impermissible bias if Dunigan did not present such evidence to the trial court at the bench trial. And sufficiency of the evidence claims focus only on the evidence presented at trial. *See Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979) ("[For sufficiency of the evidence claims], the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."). Read as a whole, the amended petition strongly suggests that the DNA evidence described by Dunigan is not new evidence as defined by *Gladney*.

---

[2] A buccal swab "involves wiping a small piece of filter paper or a cotton swab similar to a Q-tip against the inside cheek of an individual's mouth to collect some skin cells." *Maryland v. King*, 569 U.S. 435, 444 (2013).

Further, it is unclear how the DNA evidence described by Dunigan supports his assertion of actual innocence. The record indicates that Dunigan was charged with child molestation based on the following allegations:

> On October 1, 2018, Ofc. Max and Ofc. Ridge were dispatched to Salem Courthouse Apartments in Tippecanoe County, State of Indiana. At the apartment, officers made contact with Shannon Versher who stated [the victim], who this affiant knowns to be under the age of fourteen (14) told her that Lee Dunigan touched her inappropriately. Versher stated Dunigan came to her apartment a few days before from Illinois and was watching her children while she was at work.
>
> On that same date, a forensic interview was conducted by Dawn Gross, a trained forensic interviewer. During the interview, [the victim] disclosed that while she was having a pillow fight with Dunigan in one of the bedroom of the apartment, Dunigan placed her in a bear hug and pulled her pants and underwear down. [The victim] stated Dunigan then penetrated her vagina with his fingers. [The victim] stated Dunigan then told her not to tell anyone about what happened. [the Victim] immediately contacted her mother and told her what happened and her mother contacted the police.

ECF No. 10-1 at 21. The allegations do not suggest any scenario where the victim's DNA might reasonably be found inside Dunigan's mouth. As a result, evidence indicating that the victim's DNA was not found inside Dunigan's mouth would not have persuaded that the court that no reasonable juror could have found Dunigan guilty beyond a reasonable doubt.

Dunigan's remaining arguments consist of arguments that are substantially similar to those raised in the habeas petition or that the court omitted facts from the petition in the order of dismissal. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). The Court adequately addressed the procedurally related arguments in the prior order and declines to address them again. Moreover, while the Court did not recount every fact alleged in

4

the 44-page petition in the order of dismissal, the Court thoroughly reviewed the petition and considered each of its allegations.

For these reasons, the Court hereby DENIES the Motion to Reconsider [ECF No. 19].

SO ORDERED on July 12, 2024.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT